NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ERICA C. AFFINITO,
*Petitioner/Appellant*,

*v.*

JAMES D. AFFINITO,
*Respondent/Appellee.*

No. 1 CA-CV 20-0287 FC
FILED 3-2-2021

Appeal from the Superior Court in Yavapai County
No. P1300DO201800398
The Honorable Cele Hancock, Judge

**VACATED**

COUNSEL

Musgrove Drutz Kack & Flack, PC, Prescott
By Mark W. Drutz, Jeffrey Gautreaux
*Counsel for Petitioner/Appellant*

David M. Wilson Law Office PC, Prescott
By David M. Wilson
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Peter B. Swann and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1 Appellant Erica C. Affinito (Mother) challenges the superior court's order granting Appellee James D. Affinito's (Father's) motion to enforce the parties' parenting plan and subsequent orders challenging that ruling. For the reasons set forth above, and given the passage of time and actions implicating the best interests of the young children involved, the orders are vacated.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Mother petitioned for divorce in 2018. At that time, she lived in Prescott Valley and Father lived in Prescott. The parties have two minor children, now ten and six years old. In July 2019, the parties reached an agreement on legal decision-making and parenting time. This Parenting Plan provides that Mother has primary residential parent status, and Father receives parenting time "[e]very other week from release of school on Friday to return to school on Tuesday." The parties agreed to "make major educational decisions together" and to "consult an educational professional" to resolve any disagreements. At that time, the children were attending school in Prescott Valley. The court entered the decree of dissolution in December 2019, adopting the agreed-upon Parenting Plan. The decree also ordered the sale of the marital home in Prescott Valley.

¶3 The next month, in late January 2020, Father filed a petition alleging Mother planned to relocate to Anthem and enroll the children in school there by February 7, 2020. Father alleged this constituted a relocation governed by Arizona Revised Statutes (A.R.S.) § 25-408 (2021)[1] and asked the court to enforce the Parenting Plan by barring Mother from "relocat[ing] outside the Prescott area." Father also sought modification of the Parenting Plan to grant him primary residential parent status. Mother moved to dismiss the petition, claiming it was premature (because less than a year

_____

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

had passed since the entry of the decree as required by A.R.S. § 25-411(A)) and that Mother was moving in Arizona less than 100 miles from her prior residence (which was not a relocation under A.R.S. § 25-408(A)).

**¶4** The court held a resolution management conference on February 24, 2020. Noting that briefing on Mother's motion was not yet complete, the court only heard evidence on Father's petition to enforce the Parenting Plan. Mother testified she had already moved to Anthem and enrolled the children in school there. Father testified, however, that Mother did not comply with the Parenting Plan before doing so and that he did not agree with her decisions. Father further testified he would have to travel approximately 80 miles each way to return the children to school on Tuesdays if they were to stay in Anthem.

**¶5** At the hearing, the court ordered Mother to return the children to Prescott so they would "be in school by next week and remain there until there can be a full hearing in this matter." Mother moved to stay enforcement of that order, contending she could not re-enroll the children in their former school because "neither party . . . resides within the school district." She also contended that Father "would not agree, even temporar[il]y, to keep the Children in Anthem . . . and he would not agree to any terms."

**¶6** At a March 4, 2020 status conference, the court reaffirmed the February 24 orders. It repeated it was not changing the Parenting Plan "until we have a full evidentiary hearing," adding the Parenting Plan "called for them to make joint legal decision making and seek a professional educator's advice." A resulting March 4 order required the parties to "follow and comply with the agreed upon Parenting Plan," also ordering that the children "come back to Yavapai County for the purposes of attending school."

**¶7** Mother moved for reconsideration of the March 4 order, which the court denied. The court also denied her motion to dismiss Father's petition and her motion to stay enforcement of the February 24 orders. Mother then sought clarification, which the court denied on April 23, 2020. Mother filed a notice of appeal the next day, challenging the February 24, March 4 and April 23 orders. This court has appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

**DISCUSSION**

¶8        The Parenting Plan calls for the parties to "make major educational decisions together" and to "consult an educational professional" to resolve disagreements. This apparently did not occur when Mother enrolled the children in Anthem. Mother unilaterally did so less than two months after the entry of the Decree. In that respect, Mother's actions did not comply with the cooperation and consultation requirements of the Parenting Plan. But contrary to the superior court's order, the Parenting Plan did not require the children to attend school in any specific location, and the court's order that the children return to school in Prescott went beyond the parameters of the Parenting Plan the court purported to enforce.

¶9        Mother needed to move somewhere by virtue of the court's order requiring the sale of the marital residence. And by moving approximately 80 miles within Arizona, Mother did not "relocate" with the children as that term is used in A.R.S § 25-408(A)(2) (requiring, as potentially applicable here, agreement of the parties or a court order to "[r]elocate the child[ren] *more than one hundred miles* within the state") (emphasis added). Accordingly, to the extent Father's petition, and the court, relied on Section 25-408, such reliance was misplaced. Mother's motion to dismiss Father's petition, filed before the February 24 hearing, raised this issue, but the court's order did not address it. Accordingly, the superior court erred to the extent it treated Mother's actions as a relocation under Section 25-408.

¶10        During oral argument before this court in January 2021, the parties indicated that the February 24 orders have not been effectuated during the pendency of the appeal. Instead, it appears the parties viewed this appeal as automatically staying the February 24 orders. Accordingly, the original Parenting Plan schedule apparently has been followed during the pendency of this appeal. As a result, the children have been attending school in Anthem (apparently, given COVID-19, remotely at times) when they are with Mother. When Father exercises his parenting time (every other week), he picks the children up after school on Friday, travels approximately 90 miles to his home in Prescott, and then early Tuesday morning, travels approximately 90 miles to Anthem so the children can begin their school day in Anthem. As a result, the children miss every other Monday of school.

¶11     Mother contends she was prejudiced by the court's decision not to hold a full hearing on her motion to dismiss, arguing she would have presented "testimony regarding the best interests of the children." In addition, because the current arrangement results in the children missing 10 percent or so of their schooling, the Parenting Plan may no longer be in the best interests of the children. Moreover, either party now may petition to modify the Parenting Plan, as it has been in place for more than a year. A.R.S. § 25-411(A); *see also Engstrom v. McCarthy*, 243 Ariz. 469, 472 ¶ 10 (App. 2018) (stating a party may seek modification of "an agreement that was approved and adopted as an enforceable order" under § 25-411).

¶12     Given these various legal and practical issues, including those implicating the best interests of these young children, the February 24, March 4 and April 23, 2020 orders are vacated. On remand, the parties may seek modification of the Parenting Plan pursuant to Section 25-411.

¶13     Father requests his attorneys' fees incurred in this appeal under A.R.S. § 25-324(A). Having considered the relevant financial evidence in the record and the reasonableness of the parties' positions, his request is denied. Mother may recover her taxable costs upon compliance with ARCAP 21.

**CONCLUSION**

¶14     The February 24, 2020, March 4, 2020 and April 23, 2020 orders are vacated.



AMY M. WOOD • Clerk of the Court
FILED:     AA